# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

MONANITA C. SAMUELS                                                   PLAINTIFF

v.                                   CIVIL ACTION NO. 3:17-CV-00340-JHM

JERRILYNN WHALEY *et al.*                                         DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Monanita C. Samuels filed this *pro se* civil action on a general complaint form. Because Plaintiff is proceeding *in forma pauperis*, this Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will dismiss this action.

## I.

Plaintiff identifies two Defendants in this action – Jerrilyn Whaley, a "Social Service Worker," and Courtney Croley, "Family Service Office Supervisor," in Elizabethtown, Kentucky. In her complaint, Plaintiff states that the basis for federal question jurisdiction is "Amendment 1, 4, and 14 in the United States Constitution. Part 1 Section 1, 2, 4, 6, 10, 11, 14 and Section 2C of the Kentucky Bill of Rights."

Plaintiff then writes: "My family has been separated due malicious lies from this person who is abusing her power. . . . Jerrilyn on 11/23/16 removed my girls by lying to the court with false proof of court violation. Cortney backed her on the allegations of neglect to my girls and placed them with foster care instead of family."

In the Relief section of the complaint, Plaintiff states: "My family is suffering mental and emotional pain also separation anxiety. We are entitled to $ 3 million dollars for pain, suffering, and time that has damaged me and my 4 and 8 year old girls."

**II.**

Upon review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its

legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Because Plaintiff's complaint alleges constitutional claims against state officials, the Court construes it as an action brought pursuant to 42 U.S.C. § 1983.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Although Plaintiff does not specify in what capacity she is suing Defendants, the Court will assume for purposes of this initial review that she intends to sue them in both their official and individual capacities. "[O]fficial-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. Dep't. of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 n.55 (1978). As social workers, Defendants are employees of the Commonwealth of Kentucky, and the claims brought against them in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will*

3

*v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Thus, to the extent that Plaintiff seeks money damages from Defendants in their official capacities, she fails to state a cognizable claim under § 1983.  Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against Defendants in their official capacities.  *Kentucky v. Graham*, 473 U.S. at 169.  Thus, Plaintiff's official-capacity claims will be dismissed.

Plaintiff's claims against Defendants in their individual-capacities must also be dismissed for failure to state a claim upon which relief may be granted.  The Sixth Circuit has repeatedly held that social workers are absolutely immune for actions that are "intimately associated" with the judicial phase of proceedings relating to the welfare of the child.  *Rippy v. Hattaway*, 270 F.3d 416, 422 (6th Cir.2001).  This quasi-judicial immunity prohibits any claim against Defendants based upon their function of advising the court regarding the best interests of a child, even if they are incorrect in their assessments.  *Id*.  This immunity also applies even if Defendants made false statements or misrepresentations to a court in the course of child welfare judicial proceedings.  *See Pittman v. Cuyahoga Cty. Dep't of Children & Family Servs.*, 640 F.3d 716, 726 (6th Cir. 2011); *see also Lunsford v. Ky. Cabinet for Health & Family Servs.*, No. 12-58-DLB, No. 12-136-DLB, 2012 U.S. Dist. LEXIS 97557, at *15 (E.D. Ky. July 13, 2012) (dismissing claim against social worker based on allegations that her report and recommendation to a family court contained false and defamatory statements as barred by quasi-judicial immunity); *Evans v. Downey*, No. 1:15-cv-00117-GNS, 2016 U.S. Dist. LEXIS 82237, at *7-8 (W.D. Ky. June 23, 2016) (holding social worker would be entitled to immunity even if he made intentional misrepresentations in his report to the court).  Moreover, to the extent that Plaintiff's claims are based upon Defendants' actual testimony in a judicial proceeding, the claims are also barred by the doctrine of absolute testimonial immunity.  *Rehburg v. Paulk*, 566 U.S. 356 (2012)

4

(*citing Briscoe v. LaHue*, 460 U.S. 325, 340 (1983)); *Spurlock v. Satterfield*, 167 F.3d 995, 1001 (6th Cir. 1999) ("It is well-settled that witnesses are granted absolute immunity from suit for all testimony provided in judicial proceedings.").

    For these reasons, the Court will dismiss this action by separate Order.

Date: July 5, 2017

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc:    Plaintiff, *pro se*
       Defendants
4414.011

5